FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: MAY 29 2020

JAMES N. HATTEN, Clerk

By: s/Cynthia Mercado
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONG SUN a/k/a VICKY SUN | Criminal Information<br><br>No. 3:20-CR-00005 |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Background**

At all times relevant to this Information:

1. The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) regulated the production, sale, distribution, and use of pesticides in the United States. A "pesticide" was any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest. 7 U.S.C. § 136(u); 40 C.F.R. § 152.3. The term "pest" was broadly defined to include, among other things, viruses, bacteria, or other micro-organisms. 7 U.S.C. § 136(t).

2. FIFRA required all pesticides to be registered with the U.S. Environmental Protection Agency (EPA) before they can be sold or distributed. 7 U.S.C. § 136a(a). The registration process was detailed, and applicants were required to submit a substantial amount of information to the EPA in support of a request for registration. Items of information that must be submitted in support of an application to register a pesticide included the complete formula of each

pesticide for which registration was sought, including the identity of its active and inert ingredients; all proposed labeling for the pesticide; and a statement of all pesticidal claims to be made for the pesticide. See 7 U.S.C. § 136a(c); 40 C.F.R. § 158.155.

3. Registered pesticides were given a product registration number beginning with the phrase "EPA Reg. No." Pesticide-producing establishments also received an establishment-registration number (designated by the phrase "EPA Est."). 40 C.F.R. §§ 156.10(e) and 156.10(f). As a condition of registration, all registered pesticides were required to have a label bearing both the product registration and establishment numbers. 40 C.F.R. § 156.10(a). This label also was required to contain several other pieces of information, such as the directions for use of the pesticide (40 C.F.R. § 156.10(i)); child hazard warnings (40 C.F.R. § 156.66); a first aid statement (40 C.F.R. § 156.68); precautionary statements for humans and domestic animals (40 C.F.R. § 156.70); and environmental hazard and precautionary statements (40 C.F.R. §§ 156.80 and 156.85). Proposed labels were required to be submitted to the EPA along with the application for registration. 40 C.F.R. § 152.50(e). All required information on a label was required to appear in the English language. 40 C.F.R. § 156.10(a)(3). All pesticides intended for use in the United States were to bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. § 156.10(e).

4. It was unlawful for any person in any state to distribute or sell to any other person a pesticide that had not been registered under FIFRA.  7 U.S.C. § 136j(a)(1)(A).  FIFRA defined "distribute or sell" to include not only actual sale or distribution of a pesticide, but also the act of offering a pesticide for sale.  7 U.S.C. § 136(gg); 40 C.F.R. § 152.3.  Only pesticides registered with the EPA could be imported or sold in the United States. 7 U.S.C. § 136o(c).

5. It was also unlawful for any person to sell or distribute to any other person a pesticide that was "misbranded."  7 U.S.C. § 136j(a)(1)(E).  A pesticide was "misbranded" under FIFRA if, *inter alia*, its container did not have a label bearing the pesticide's registration number; or one with labeling that bore any statement, design, or graphic representation relative to the pesticide or its ingredients, which was false or misleading.  7 U.S.C. § 136(q)(1)(A).

6. Toamit Virus Shut Out was a pesticide containing chlorine dioxide not registered with the EPA in accordance with FIFRA.  Its label was printed in Japanese and did not contain its EPA registration number.

## Charge

7. On or about April 2, 2020, in the Northern District of Georgia, the defendant, RONG SUN a/k/a VICKY SUN, did knowingly distribute and sell a pesticide that was not registered and that was misbranded, that is the defendant sold 10 packages of Toamit Virus Shut Out, which at the time was not registered and in an unlabeled container and a container bearing false and misleading

labeling, in violation of Title 7, United States Code, Sections 136j(a)(1)(A), 136j(a)(1)(E), and 136l(b)(1)(B).

BYUNG J. PAK
  *United States Attorney*

*/s/ Christopher J. Huber*

CHRISTOPHER J. HUBER
  *Assistant United States Attorney*
**Georgia Bar No. 545627**

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

JEFFREY BOSSERT CLARK
  *ASSISTANT ATTORNEY GENERAL*
  *OF THE ENVIRONMENT AND NATURAL*
  *RESOURCES DIVISION*

*/s/ K. S. D.*

KRISHNA S. DIGHE
  *Senior Counsel*
  *Environmental Crimes Section*
**Michigan Bar No. P45376**